UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RICK J. LEWIS, JR., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:19CV140 HEA |
|  | ) |  |
| RUTH ANN DICKERSON, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Rick J. Lewis, Jr., an inmate at the Cape Girardeau County Jail, for leave to commence this civil action without prepayment of the required filing fee. (ECF No. 2). For the reasons explained below, the Court will grant the motion and assess an initial partial filing fee of $4.26. The Court will deny as moot plaintiff's two duplicative motions for leave to proceed in forma pauperis. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff filed an inmate account statement showing an average monthly deposit for the relevant time period of $21.31, and an average monthly balance of $14.20. The Court will therefore require plaintiff to pay an initial partial filing fee of $4.26, which is twenty percent of his average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*

2

*v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Sheriff Ruth Ann Dickerson, corrections officers Williams, Rivas, Golden, and Ladner, and Sergeant Umphlett. He states he sues the defendants in their official capacities. He alleges as follows.

Since June 17, 2019, "there have been insufficient portions served no meal the standard for adult prisoner." The jail has also failed to provide the inmates with sufficient clothing, towels, mattresses and bedding. The jail is dirty, there is "mold and filth hanging from the ceiling," and inmates' photographs are refused. There is no law library access, which plaintiff claims amounts to cruel and unusual punishment and violates his due process rights. Plaintiff alleges that "by working here each defendant is responsible for perpetrating these injuries to my rights. By failing to correct them when brought to their attention they condone them and continue them."

As relief, plaintiff asks this Court to order the jail to remedy these problems, install a law library, buy adequate clothing and linens for inmates, inspect the building for health hazards, and so forth. Plaintiff also seeks damages in the amount of $1,650,000.

After filing the complaint, plaintiff filed a motion seeking to add parties and a motion seeking his release from confinement due to the conditions of the jail.

## Discussion

In setting forth his claims against the defendants, plaintiff describes conditions he believes violate his rights, and alleges the defendants are liable because they work at the jail. This is insufficient. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). The complaint also fails to state an official-capacity claim against any defendant. *See Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690-91 (1978). Additionally, while plaintiff alleges his rights are being violated due to the lack of sufficient legal resources, he alleges no facts tending to establish an "actual injury" as required to state a viable access-to-courts claim. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). Finally, plaintiff attempts to bring claims on behalf of the inmate population as a whole, and he does not aver he is a licensed attorney. Plaintiff lacks standing to bring claims on behalf of others, *see Martin*, 780 F.2d at 1337, and a person who is not licensed to practice law may not represent another individual in federal court. *Lewis v. Lenc–Smith Mfg. Co*., 784 F.2d 829, 830 (7th Cir. 1986). For the foregoing reasons, the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). However, the Court notes that plaintiff has indicated a desire to amend his complaint, as he has filed a motion seeking to add parties. For this reason and in consideration of plaintiff's pro se status, the Court will give him the opportunity to file an amended complaint.

Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff is advised that he must bring his claims before the Court

on one single complaint form, and may not amend his complaint by filing separate documents asking the Court to add claims or parties. Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the complaint form, plaintiff should write the name of the person(s) he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue each defendant. In the "Statement of Claim" section, plaintiff must set forth a short and plain statement of the facts that support his claim or claims against the defendant(s). *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). The Court emphasizes that the

"Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). The Court will give plaintiff thirty days to file the amended complaint.

As explained above, the Court will deny as moot plaintiff's duplicative motions for leave to proceed in forma pauperis. The Court will also deny as moot plaintiff's motion for leave to add parties because plaintiff will be able to accomplish this goal by filing an amended complaint. Finally, the Court will deny plaintiff's motion seeking release from confinement because such relief is not available in a § 1983 action. However, nothing in this order shall be construed as preventing plaintiff from filing a petition for writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's duplicative motions for leave to proceed in forma pauperis (ECF Nos. 4 and 6) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $4.26 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff's motion to add party (ECF No. 5) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for release from incarceration (ECF No. 8) is **DENIED.**

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 18th day of October, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE